The opinion of the court, (Tilghman, C. J. being absent,) was delivered by,
Gibson, J.
There is nothing to distinguish this case from Clow v. Woods,5 Serg. & Rawle,275, exeeptthe circumstances of asymbolical delivery and a schedule of the articles assigned. The first is necessary only where peculiar circumstances preclude the possibility of actual possession; and there it is equivalent to actual possession, because the transaction is susceptible of no act of greater notoriety. But where the possession may be permanently changed by actual delivery of the thing, delivery of a part in the name of the whole, or of any thing else, or even of the thing itself where it is after-wards taken back, is of itself a badge of fraud, because it is apparent on the face of the transaction, that the delivery was merely colourable, and that more mighthave been done to guard against deception. The notion of symbolical delivery is derived from the form of the ancient feudal investiture, in which the delivery of a twig or a clod was a ceremony, to manifest to the senses of the freeholders, who were supposed to be witnesses, the nature of the act which was done; but there actual possession was at the same time given, and if the land itself had been capable of manual delivery, the feoffor would never have resorted to a symbol.
• A schedule may be necessary to avoid the imputation of legal fraud, where retention of possession would in other respects have been justifiable; but where there is no fact or circumstance which could authorise it, a specification of the articles either in a schedule, or in the body of the instrument, will not be a justification. An assignment of chattels may be void for want of aschedule, but where there is no satisfactory reason why the possession did not accompany the transfer of the property, a schedule or specification will not cure that which is radically wrong.
Judgment affirmed.