-The opinion of the court was delivered by
Tod, J.
I do not apprehend there was any errar in refusing to charge the jury'th'at the deed was fraudulent and void, because it eoiitained no schedule of particulars, nor limitation of time for the execution of the trust; or because it .gives a'preference of some creditors above others: or because the grantor was in debt at the time of the assignment. No doubt all these were matters proper for consideration: and so the judge told the jury. They were inferences of fact, and from them.in some cases and under some circumstances fraud might perhaps be deduced, in other cases not at all. Whether the possession' was sufficient to maintain this action of trespass depends upon the question, whether the property vest-' ed in the assignees. If the property, was theirs, there would, I think, be possession enough to enable them to defend it by this sort of action. But we are all of opinion that the deed of assignment was null and void as against creditors, and fraudulent in law. The deed is absolute upon the face of it. The grantor retained possession. He held and. used the property as before:' sold and' disposed of it.as his own. • To make such a deed valid in any case the possession must accompany and follow the transfer. The notice to Stoever Was immaterial, it being only notice of a transaction void and fraudulent .by the rules of law. The question here-presented seems put' beyond all 'argument. It is settled, if any principle can be said to be settled by precedents. Clow v. Woods, 5 Serg. & Rawle, 275. Cunningham v. Neville, 10 Serg. & Rawle, 201. Martin v. Mathiot, 14 Serg. & Rawle, 214. Hamilton v. Russell, 1 Cranch, 313. Twyne’s case, 3 Rep. 80.
Judgment reversed.