## DANIEL BAXTER Junior *versus* NATHANIEL WHEELER and Trustees.

A general assignment of a debtor's property, real and personal, in trust for the payment of debts, containing a covenant on the part of the trustees, that the debtor shall be permitted to use and occupy the property, committing no waste thereon, until it shall be sold or disposed of in the due execution of the trust, is not *per se* fraudulent as against creditors not parties to the assignment.

JOHN S. RUSSELL, one of the supposed trustees, disclosed in his answers an assignment made by Wheeler to Russell and the other supposed trustees, of property, real and personal, to a large amount, in trust to sell and dispose of the same, and out of the proceeds to pay all Wheeler's creditors, in ratable proportion to the debt of each, without preference. The assignment contained a covenant on the part of the assignees, that Wheeler "shall be permitted to use and occupy the said property so conveyed, committing no waste thereon, until such time as the same shall be sold or disposed of in the due execution

Baxter
v.
Wheeler
and Trs.
of the trust." The debts due to creditors who had executed the assignment before the process was served upon the trustees, exceeded the amount of the personal property then received by the trustees.

The question was, whether the clause above recited, by which Wheeler was to be permitted to use and occupy the property assigned, rendered the assignment fraudulent and void as against creditors.

*Oct. 22d.*    *Cobb,* for the plaintiff.

*Russell,* for the trustees, said that the personal property left in the hands of the debtor consisted of farming utensils, and that it would have been detrimental to the property assigned to have taken them out of his hands ; which was the reason for inserting the clause in question.    He cited *Andrews* v. *Ludlow and Trs.* 5 Pick. 28.

*Oct. 23d.*    *Per Curiam.*    The case is clear in favor of the trustees. The debtor may be suffered to remain in possession of the land assigned and of things necessary for taking care of it, without any fraud.    Such possession may be evidence of fraud.[1]

                                    *Trustees discharged*

---

[1] See *Russell* v. *Woodward,* 10 Pick. 408 ; *Boyden* v. *Moore,* 11 Pick. 362 *Hower* v. *Geesaman,* 17 Serg. & Rawle, 251 ; *Williams* v. *Lowndes,* 1 Hall (N. York,) 579 ; 2 Kent's Comm. (3d ed.) 534 to 536 ; *Wheeler* v. *Train,* 3 Pick. (2d ed.) 257, note 1.