## Carpenter *against* Mayer.

Upon a point distinctly put to the court, the party is entitled to have an explicit answer to the jury.

In order to make a transfer of personal property available against creditors or a subsequent assignor, it must be accompanied by a change of possession at the time or within a reasonable time thereafter. If it has been delayed an unreasonable time, it is not sufficient that the possession was changed before a levy made.

ERROR to the common pleas of *Westmoreland* county.

This was an action of trespass by Lucinda Mayer against Samuel L. Carpenter, Esq. for selling the plaintiff's goods, upon an execution against Joseph Mayer. The property had belonged to Joseph

[Carpenter v. Mayer.]

Mayer, and he by bill of sale transferred it on the 7th of June 1831, to the plaintiff: the proof was that the property some time after the date of the transfer, how long did not appear, was removed to another room in the house by the plaintiff, and was afterwards taken back again, where it was levied by the sheriff upon an execution against Joseph Mayer by the defendant. The counsel for the defendant requested the court to charge the jury, " That the deed of assignment is fraudulent and void as to creditors of Joseph Mayer; because the property therein mentioned was not delivered at the time of the assignment."

The court below did not give a distinct answer to the jury, as to the law, in case the possession was not transfered *at the time* when they were assigned.

*Beaver*, for plaintiff in error.
*Armstrong*, for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—The first error assigned raises the question, whether the court ought not to have charged the jury, that, as it appeared from the evidence that the possession of the property did not attend the transfer made of it by Joseph Mayer to the plaintiff, the sale was therefore void in law as against the creditors of Mayer, and that the plaintiff could not recover.

This question was put distinctly to the court by the counsel for the defendants below, who are the plaintiffs here, and an answer was requested to be given in the affirmative to the jury. The defendants were certainly entitled to receive an explicit and definite response; but it does not appear to me that any such was given; or if so, it was not such as ought to have been returned by the court. The court rather seems to have answered it hypothetically; as if the state of the evidence left it doubtful whether the possession had been delivered at the time of the sale to the plaintiff or not. The only part of the charge of the court that can be considered as having any relation to this point, is in these words: " However honest the consideration of the sale was, *if* the plaintiff did not take possession in pursuance of it, the property was liable to be taken in execution by the creditors. At the time of the levy here, the articles in question were in an apartment, which had been leased to ·Joseph Mayer; whether he actually resided there or not at the period does not appear; or where the plaintiff's actual abode was. *If* he, and not she, had the possession of the articles, he ought to be regarded as the owner, and in that case the plaintiff is not entitled to recover." Now if the court below meant to refer to a possession taken by the plaintiff at the time or immediately after the transfer, it was wrong in leaving it to the jury, in such a way as to induce them to believe that they might fairly find from the state of the evidence that the plaintiff had taken the possession then; because the evidence showed most clearly that

[Carpenter v. Mayer.]

there was no delivery of the possession to her at that time; nor does she appear to have taken any possession of the property until something like six weeks afterwards, when she removed it from the house of the assignor, where it had continued, for aught that was shown to the contrary, in his use and possession till then, in the same manner as before the assignment. It would, therefore, have been error in the court to have left a fact thus to be found to exist by the jury, not only without evidence but even in opposition to all the evidence that was given in regard to it. But it seems to be somewhat doubtful whether the court did not intend to refer to the possession, which was had of the property at the time of the levy; and whether they did not intend to instruct the jury, that if the possession of the property were then in the assignor, the plaintiff could not recover; but if it were in the possession of the plaintiff, and she had given a full consideration for it, she was entitled to recover. If this latter was the meaning of the court, it was clearly erroneous; for it is not sufficient to make a transfer of goods available against the creditors of the assignor, that the possession be in the assignee or changed at the time of the levy: in order to render such transfer good, a corresponding change of the possession must accompany the transfer or follow it within a reasonable time thereafter; that is, as soon as the nature of the property or thing and the circumstances attending it will admit of its being done. This is a general principle, and seems to be applicable to all absolute immediate assignments of personal chattels; and has its foundation in the common law as well as in the provisions of the statute of 13 *Eliz.* Wilt *v.* Franklin, 1 *Binn.* 521; Dawes *v.* Cope, 4 *Binn.* 258; Wager *v.* Miller, 4 *Serg. &* *Rawle* 123; Clow *v.* Woods, 5 *Serg. & Rawle* 278; Cunningham *v.* Neville, 10 *Serg. & Rawle* 201; Babb *v.* Clemson, 10 *Serg. &* *Rawle* 419. The continuing in possession by the assignors in such cases is held to be a fraud *per se* and not merely evidence of fraud. Clow *v.* Woods, 5 *Serg. & Rawle* 278; Babb *v.* Clemson, 10 *Id.* 419. And being considered a fraud in law, without regard to the real intention of the parties, it becomes a question for the court and not for the jury to decide. Dornick *v.* Reichenbach, 10 *Serg. & Rawle* 84. We therefore think, from the state of the evidence, that the court below erred in not instructing the jury that the transfer of the goods in question to the plaintiff, was fraudulent in law, and that the plaintiff ought not to recover.

Judgment reversed, and a *venire de novo* awarded.