# CASES ARGUED AND DETERMINED

IN

# THE SUPREME COURT

## APRIL TERM, 1856.

~~~~~~~~~~~~~~~~

### CHENERY *v.* PALMER.

```
  6  119
f127 295
127  300
```

A sale of personal property, unaccompanied by immediate delivery, is void as to credit-
ors, and this though delivery be made before levy is made by the creditors.

And where such sale is absolute in terms, but with an understanding between vendor
and vendee that it was only to operate as a mortgage, then it is a secret trust as to the
surplus, and void as to creditors.

Where there is no dispute as to the facts, and the law upon those facts declares a transac-
tion fraudulent, it is not a question for the jury. The Court, in such case, may direct
the jury how to find, or set aside the verdict, if they find to the contrary.

Where a sale or mortgage of personal property was void for want of immediate delivery,
subsequent advances after delivery cannot be recovered where it appears that they
were paid under the general contract. The contract being void, all subsequent acts re-
late to its inception, and are alike tainted with fraud.

APPEAL from the District Court of the Sixth Judicial District.

The plaintiff received from C. J. Hutchinson a bill of sale for 250
head of cattle, November 30th, 1853. It appears from the testimony,
and is admitted, that the bill of sale, though absolute on its face, was
intended only as a mortgage to secure certain sums paid and to be paid
by Chenery for Hutchinson. Chenery did not take possession of the
cattle till January or February, 1854, when he sent the bill of sale to
his agent, who, under its authority, took possession of the cattle. Some
of Chenery's advances to Hutchinson occurred as late as August, 1854,
and while he was in possession of the cattle. None of these advances
had been repaid by Hutchinson, and the plaintiff had retained posses-
sion of the cattle when the defendant, as Deputy Marshal of the United

States District Court, levied on the cattle under an execution in favor of Lucas, Turner & Co., and against Hutchinson; and this action is brought for their recovery, and damages for their detention.

On the trial, after hearing the evidence and the charge of the Court, the jury found for the defendant. By stipulation, the case comes up as an appeal from an order overruling a motion for new trial.

The following assignment of errors is made by appellant:

1. The Court erred in charging the jury, that to render a mortgage of personal property valid under the statute as against creditors of the mortgagor, there must be an immediate delivery of possession of the property mortgaged, or a delivery within such reasonable time as the circumstances will permit, as well as a continued change of possession.

2. The Court erred in charging, that the statute makes no difference as to the time of delivery of possession, between mortgages and bills of sale of personal property, so as to render them valid against the creditors of the mortgagor or vendor, but requires the delivery of possession to be immediate in both cases.

3. The Court erred in charging, that if there was no delivery of possession by the mortgagor in the present case, within two months after the execution of the mortgage, although there was a delivery after that time, and after such delivery, a continued change of possession until the defendant's levy, the jury must find for the defendant.

*Winans* for Appellant.
No brief on file.

*Baldwin & Bowman* for Respondent.

1. The parties having made the contract in the form of an absolute sale, as to third persons, they must be held bound by it in that form, and their relations to it fixed by the paper as it reads, so far as those third persons are concerned; and parol evidence at *common law* cannot be admitted to show that a writing, absolute in its terms, is a mortgage. 6 Hill, N. Y. Rep., 220; 1 Hill, S. C. Rep., 387; 6 Har. & Johns., 128; 8 Conn., 117–122; Flint v. Sheldon, 13 Mass., 449; ibid, 454; 3 Phil. on Ev., note 961 and cases cited; 12 Wend., 64; Jewett v. Reed, 5 Greenl., 96; 2 Shepley, 89; 12 Smedes and Marsh., 614.

2. Because the reservation of right to redeem, orally made, is a secret trust, and makes fraudulent and void *quoad* creditors the contract which on its face purports to be absolute. 5 Serg. & Rawle, 278; 12 ibid, 278; 7 Watts, 434; 3 Vermont R., 565; 1 Am. Ld. Cases, p. 82; 2 Vermont R., 555; 3 Dana, 134; 4 Devereux, 50; Colburn v. Pickering, 3 N. H., 415; 4 Devereux, 309; Paul v. Crocker, 8 N. H., 288; 4 Devereux, 176; Smith v. Lowell, 6 N. H., 67; 10 Devereux, 150; Winkley v. Hill, 9 New Hamp., 31; 9 Johns., 338; Gregory v. Perkins, 4 Dev., 54; Rea v. Alexander, 5 Iredell, 644; 1 Scam., 296; 3 Gilman, 464; 7 Dana, 262; Toby v. Reed, 9 Conn., 225; 14 N. H., 61; 7 Watts & Sergt., 227; Holcomb v. Ray, 1 Ired., 340.

3. Because the property was subject to levy, even if the bill were a mortgage in terms; the levy must be upon the *corpus* of the property; and, therefore, there can be no suit by replevin against the officer until the sale of the defendant's interest in the property.  Fugate *v.* Clarkson, 2 B. Mon., 41.

4. There was no such possession given, as the law requires to change the title.  Wordall *v.* Smith, 1 Campb., 332; Sands *v.* Codwise, 4 Johns., 588.

5. Upon the facts, as a necessary conclusion of law, the Court must pronounce the deed fraudulent and void.  9 Johns., 337; 8 New Hamp., 288; 13 Johns., 243; 7 Cowen, 301; 2 T. R., 587; 2 Wend., 447; Archer *v.* Hubbell, 4 Wend., 514; Bacon *v.* Stetson, 7 Cowen, 735.

6. This transaction was not a mortgage but an assignment by an insolvent, and is within the inhibition in the insolvent laws of California.  See Comp. L., p. 314.

7. The charge of the Court was right as given; indeed it was not broad enough.  This involves a construction of the Act concerning fraudulent conveyances.  See Comp. L., p. 201, §§ 15–17; 1 Kent's Com., 462; Wormley *v.* De Mattes, 1 Burr, 467; Lingham *v.* Briggs, 1 Bos. & Pul., 87; 3 Cowen R., p. 189; Tuynne's Case, 3 Coke R., 80; Edwards *v.* Harbin. 2 T. R., 587; Hamilton *v.* Russell, 1 Cranch., 309; Sturtevant *v.* Ballard, 9 Johns., 339; Hildreth *v.* Sands, 2 Johns. Ch. C., 46; Dana *v.* Cope, 4 Binney, 258; Fitzhugh *v.* Anderderson, 2 Hen. & Munf., 302; Alexander *v.* Denale, 2 Munf., 341; Barron *v.* Paxten, 5 Johns., 258; 1 Powell on Mortg., pp. 3, 4 and 29, 2d chap.; Clew *v.* Woods, 5 Serg. & Raw., 278; Ryall *v.* Rolla, 1 Atk., 165, 185; 3 Bulstrade, 17; Salk., 113, Dyer, 20, 203; 1 Vesey, 252; Wilson *v.* Day, 2 Burr, 827; Manton *v.* Moore, 7 T. R., 63; 4 Burr, *Supra.*

8. Supposing that all these objections are of no avail, it still remains obvious that where no time is specified in a statute for the performance of an act, a reasonable time is the period intended; and where there is no dispute about the facts, this is a question of law. Gilbert *v.* Moody, 17 Wend. 354.

9. Parol evidence is not admissible, to shew that the recited consideration in a deed is not the true one.   Hildreth *v.* Sands, 2 Johns. Ch., 43; 2 Vesey, 628; Peacock *v.* Monk, 1 Vesey, 628; Wells *v.* Baldwin, 18 Johns. 47; Schermerhorn *v.* Vanderheyden, 1 Johns., 129; Maigley *v.* Hawer, 7 Johns., 342; Jackson *v.* De Lancey, 4 Cowen, 342; 5 J. J. Marshall, 141; 5 Cowen, 175; 4 J. J. Marshall, 431; 4 Hawks, 24.

We beg to refer the Court to the case of Fitzgerald *et als. v.* Gorham, 4th vol. Cal. R., 289, in which the chief ground relied upon by us is fully sustained by the concurrent opinion of Justices HEYDENFELDT and MURRAY.  This opinion sustains the view of the law taken by Justice BRONSON in the case of Griswold *v.* Sheldon, 4 Comstock, 582, and shows conclusively that the question is *res adjudicata* in this State.

The Court delivered an opinion in this cause in January term, but a re-hearing being granted, the case was reserved till April term, when the judgment first rendered was affirmed.

The first opinion of the Court was delivered by Mr. Justice HEYDEN-DENFELDT, Mr. Chief Justice MURRAY and Mr. Justice TERRY concurring.

If the conveyance from Hutchinson to the plaintiff was a sale of the property, then it was void as to creditors for the want of immediate delivery, by the 15th section of the Statute of Frauds.

That it was not an actual sale, but only a mortgage, might be a question to be investigated between vendor and vendee, to prevent an attempted fraud by one against the other; but where the rights of third persons are to be affected, it is not the province of either to alter or vary the terms of the written instrument, given and accepted between them as the evidence of their respective rights.

If the bill of sale was, by a private understanding between the parties, to operate only as a mortgage, then it was a secret trust to the extent of the surplus over the debt secured, for the benefit of the vendor, and void by the 11th section of the same statute. It was placing the property beyond the reach of his creditors, who certainly had the right, except it may be under peculiar circumstances, to avail themselves of the surplus. In what manner this could be done, it is unnecessary here to determine, and may depend upon the circumstances of each case.

Wherever there is no dispute as to the facts, and the law upon those facts declares a transaction fraudulent and void, it is not a question for the jury. The Court in such case may direct the jury how to find, or set aside the verdict if they find the contrary. See Billings v. Billings, 2 Cal. R.

Upon the whole case as presented by the record, the judgment below is correct, and must be affirmed.

On the re-hearing, the opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

A re-argument was had in this case, upon a suggestion that advances had been made by Chenery to Hutchinson, after the delivery of the property in question.

If the relation of the parties had been that of bailor and bailee, or pledgor and pledgee, then there would be no doubt but the plaintiff might assert his claim for these advances, thus made upon the property in his possession. There is no evidence however that the original contract was ever abandoned. In fact, it appears from the testimony of Hutchinson that these same advances were contemplated and agreed on at the time of the original sale or mortgage. Under these circumstances the contracts must be regarded as an entirety, and however honest the intentions of the parties, the law from motives of public policy having declared the contract void, all subsequent acts under it must relate to its inception, and are alike tainted with fraud.

We are disposed to regard this as a hard case, but do not see how the consequences can be avoided, as any other rule would enable a party to cure a fraudulent conveyance by subsequent payments or advancements made in good faith.

The whole contract is indivisible, and must stand upon the legality or *bona fides* of its inception. The judgment heretofore rendered is affirmed.