## HOWE *v.* SCANNELL.

As a general rule, the vendor of goods is not a competent witness to impeach the sale made by himself.

But where evidence is introduced showing a collusion between vendor and purchaser to defraud the creditors of the former, the declarations of the vendor are admissible, and, *a fortiori,* his sworn statement.

APPEAL from the Superior Court of the City of San Francisco.

Defendant, who was sheriff of San Francisco, under an execution, against one Sharp, seized on certain goods which were claimed by plaintiff under a purchase from Sharp.

This action was instituted for the recovery of the value of the goods, and the question submitted to the jury was as to the *bona fides* of the sale from Sharp to plaintiff.

Upon this issue, the jury found for the defendant, and plaintiff appeals.

On the trial, defendant offered as a witness, to prove the fraudulent intent of the sale, Sharp, the vendor of the plaintiff, and the admission of this testimony is the only error assigned.

Evidence had been previously introduced by defendant, showing a collusion between Sharp and plaintiff. A motion for a new trial was made by plaintiff, and overruled by the Court below.

*McDougall, Aldrich & Sharpe,* for Appellant.

1. Sharp had a direct interest in the event of the action, and was, therefore, incompetent as a witness.

He was interested in subjecting the property to the payment of the attaching-creditor, and thereby discharging it.

Hence, he was interested in giving such testimony as would tend to render the bill of sale invalid. 19 Wendell, 293 ; 16 Pickering, 325 ; 4 Verm., 493.

2. The testimony of Sharp having been illegal, the Court below should have granted a new trial.

A decision like this, however it may be viewed in a particular case, is dangerous in its tendencies, and must, if it has general application, work great injustice.

3. By the exclusion of this kind of testimony, the sound policy of the rule of law invoked is illustrated and vindicated.

No purchaser could feel entirely safe if left thus at the mercy of his vendor. Prompted by selfishness and interest, he may at any time point out property that he has sold in good faith, as prey to his creditors, and when seized by them defeat the claim of the purchaser to it ; and this, after he has availed himself of a portion, if not all, of the anticipated benefits of the sale.

4. Sharp's interest in the event of the action, was not balanced.

22

If the attachment on the property was sustained, it could not be considered as having been taken from appellant by a superior title to that of Sharp.

He would not have been liable to appellant on his warranty of title.

If Sharp's testimony was true, no action of any description could arise between appellant and Sharp.

If true, the transaction was one with which the law would not intermeddle. "*Ex turpi contractu, non oritur actio.*"

*Howard & Goold* for Respondent.

The sole question presented is, as to the admissibility of the testimony of Sharp. The judge admitted his evidence, upon the ground that he combined with plaintiff to cheat creditors.

It is the duty of the Judge to pass upon the facts, which determine the admissibility of testimony. Bartlett *v.* Smith, 11 Meeson & Welsby, 483.

The facts having established a confederacy between the grantor and the grantee, the statements of the grantor are evidence.

" In an action against two, for combining to effect a fraud, if there is any evidence of a combination, the admissions of one of them, made in the absence of the other, are proper to be left to the jury." Oldham *v.* Bently, 6 B. Monroe, 428; Stoball *v.* Farmers' & M. B. K., 8 S. & M., 305.

The declarations of the grantor, showing a fraudulent design in making the grant, are not admissible, unless fraud be first shown in the grantee, or a trust. Richart *v.* Caslator, 5 Binney, 109.

Even in criminal cases, the declarations of a conspirator are admissible against an accused, and of course, and *a fortiori*, in a civil case, they should be received.

" A foundation must be first laid, by proof sufficient, in the opinion of the Judge, to establish, *prima facie*, the fact of a conspiracy between the parties, or proper to be laid before the jury, as tending to establish such fact.

" The connection of the individuals in the unlawful enterprize being first shown, every act and declaration of each member of the confederacy, in pursuance of the original concerted plan, and with reference to the common object, is, in contemplation of law, the act and declaration of them all, and is, therefore, original evidence against each of them." 1 Greenleaf, § 111, p. 187.

" Declarations of the defendant in execution, showing a fraudulent intent on his part, are not admissible evidence against the claimant, unless he, or some one through whom he claims, was connected with the fraud." Newcombe *v.* Leabitt, 22 Ala., 631; Glory *v.* The State, 8 Guy, (13 Ark.) 236.

" If three combine and conspire to defraud another, as a common object, the declarations and actions of one are evidence

against all." Aldrich v. Warren, 4 Ship., 465; Crary v. Sprague, 12 Wend., 44. Borland v. Mayo, 8 New Series Ala., 112, 113.

We proved the absence of any change of possession; we proved the declaration of Howe, that he did not buy *bona fide*. We therefore stamped upon him the character of a conspirator.

And, having done this, we offered in evidence the statements of Sharp, and, be it remembered, not by hearsay, but by himself, on oath, and enabling the other conspirators to cross-examine him.

TERRY, C. J., after stating the facts, delivered the opinion of the Court—BURNETT, J., concurring.

As a general rule, the vendor of goods is not a competent witness, to impeach the validity of a sale made by himself.

But when evidence is introduced, showing a collusion between vendor and purchaser, to defraud the creditors of the former, the declarations of the vendor are admissible, and *a fortiori*, his sworn statement. Borland v. Mayo, 8 New Series Ala., 112, 113.

We think the testimony was competent, under the state of facts proven, though we are not able to see the necessity for its introduction, as the fraudulent character of the sale had been clearly established, both by the circumstances attending the sale, and the absence of an actual and continued change of possession, as well as by the admission of the plaintiff, that the transfer had been made to avoid the payment of debts due by his vendor.

Judgment affirmed.