## WAUGENHEIM *et al. v.* CHILDS.

THE vendor of personal property is not a competent witness for his creditors, to impeach a sale made by him, or to prove the sale fraudulent, in a contest respecting it between his creditors and his vendee.

The case of *Howe* v. *Scannell* (8 Cal. 325) commented on and overruled.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

This action was commenced in the District Court on the tenth day of September, 1861, and no notice was given by the defendant of the intention to examine Bambour as a witness as required by the amendment of 1861 to the four hundred and twenty-second section of the Practice Act. The defendant recovered judgment in the District Court, and the plaintiff appealed. The other facts are stated in the opinion.

*George W. Tyler*, for Appellant.

*W. J. Graves*, for Respondent.

Bambour was a competent witness. The rule that a vendor is in general incompetent to impeach the *bona fides* of his own sales, does not include him *in limine*. He was competent, at all events, to testify as to the change of possession, and to that was his testimony confined. The transaction, according to his testimony, between him and plaintiff, was one of mortgage. He borrowed money from the plaintiff, and gave him an absolute bill of sale of the property

.Waugenheim *v.* Childs.

as security.  The whole case turned on the fact of possession. About this Bambour could testify.  Even if this were not so, the rule that a vendor cannot impeach the *bona fides* of a sale, has no application here.  The exception to the rule is, where collusion is shown between vendor and purchaser.  (*Howe* v. *Scannell*, 8 Cal. 325.)  This case is within the exception.

It has been repeatedly decided that where a vendor is left in possession of property, and· exercises acts of ownership over it after sale, this proves a combination to defraud creditors, and in that case the declarations, and, *a fortiori*, the sworn testimony of the vendor, would be evidence against his vendee.  (*Wilbur* v. *Strickland*, 1 Rawle, 458; *Withes* v. *Farley*, 3 Car. & P. 395; *Borland* v. *Mayo*, 8 Ala. 113.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover damages for the alleged taking and conversion by the defendant of certain personal property claimed by the plaintiff.  The defendant set up as a defense that the property was owned by one Bambour, and that he took the property as Constable, under and by virtue of certain executions issued on judgments against Bambour.  The plaintiff claimed the property under a bill of sale executed to him by the execution debtor, which the defendant contends was made to defraud creditors.  On the trial, the defendant called Bambour as a witness; the plaintiff objected that he was interested in the result of the suit, and therefore not a competent witness against him.  The Court overruled the objection and allowed the witness to testify; and this is assigned for error.

Sec. 392 of the Practice Act provides that a person who has a present, certain, and vested interest in the action shall be excluded as a witness.  Sec. 393 defines the test of this interest as follows: " The true test of the interest of a person, which shall render him incompetent as a witness, shall be that he will gain or lose by the direct legal operation and effect of the judgment, or that the record of the judgment will be legal evidence for or against him in some other action; but nothing in this or the last section shall prevent a party calling as a witness the adverse party to the action, or a per-

son whose interest is adverse, nor a party being a witness in the cases mentioned in Sec. 423." The witness in this case was clearly interested adversely to the plaintiff within the provisions of these sections.    He had sold and conveyed the property to the plaintiff, and he was directly interested in defeating that sale and having the property applied upon the executions against him in satisfaction of his debts, and thus diminishing or paying liabilities outstanding against him.    Such would be the direct legal operation and effect of a judgment in this case in favor of the defendant, and he would directly gain thereby.

It is no answer to say that he is liable to the plaintiff on an implied warranty of title in the sale made by him, and that therefore his interest is equally balanced ; for if it is shown that the sale to the plaintiff was fraudulent and void, the plaintiff could not recover the value of the property in a suit against the witness on such implied warranty.    The fraud would defeat all right of action.    It has been decided in numerous cases, and upon the strongest reasons, that a vendor of personal property is not a competent witness to impeach a sale made by him, or to prove the sale fraudulent, in a contest respecting it between his creditors and his vendee.    (*Rea* v. *Smith*, 19 Wend. 293 ; *Bland* v. *Ansley*, 4 Bos. & Pul. 331 ; *Gardenier* v. *Tubbs*, 21 Wend. 169 ; *Pratt* v. *Stephenson*, 16 Pick. 325 ; *Bailey* v. *Foster*, 9 Id. 139 ; *Smead* v. *Williamson*, 16 B. Monroe, 492, 535, 536 ; *Seymour* v. *Beach*, 4 Vt. 493 ; *Clifton* v. *Bogardus*, 1 Scam. 33 ; 3 Phil. Ev., C. H. & E.'s Notes, 691.) In numerous cases it has also been held that the vendor is in such cases a competent witness for his vendee.    (*Miller* v. *Dobson*, 1 Gil. 572 ;   *Cox* v. *Hall*, 18 Vt. 191 ; *Mizell* v. *Herbert*, 12 S. & M. 547 ;  *Ewing* v. *Carghill*, 13 Id. 79 ;  *Forsyth* v. *Palmer*, 14 Penn. 96 ;  *Wetmore* v. *Click*, 5 Jones, 155 ;  *Hawkins* v. *Ingalls*, 4 Blackf. 35 ; *Bradbury* v. *Dougherty*, 7 Id. 467.)

In the case of *Howe* v. *Scannell* (8 Cal. 325) the general rule was recognized that the vendor of goods is not a competent witness to impeach the validity of a sale made by himself ; but an exception was made where evidence had been introduced showing a collusion between the vendor and purchaser to defraud the creditors of the former, it which case it was held that the declarations of the vendor

were admissible, and he was therefore a competent witness against the vendee. We think the exception thus made is not sustained by the authorities, many of which we have already quoted. The Court, in its opinion, refers to the case of *Borland* v. *Mayo* (8 Ala. 112). An examination of that case shows that the vendor was made a witness by his vendee, and it was held that certain declarations made by the vendor were inadmissible as evidence for the creditors, because he was a competent witness. The Court below, in this case, erred in permitting the witness to testify on behalf of the defendant.

The judgment is reversed and the cause remanded for a new trial.