[No. 6139.]

# JOHN A. WATSON v. JOHN RODGERS.

STATUTE OF FRAUDS—SALE VOID AS TO CREDITORS.—The sale of personal property unaccompanied by immediate delivery and continued change of possession, as required by sec. 3440 of the Civil Code, is void as to creditors, notwithstanding the fact that the vendee obtains possession before the levy is made by the creditor.

APPEAL from the District Court of the Fifth Judicial District, Stanislaus County.

Replevin for two hundred and thirteen sacks of barley, a threshing machine, one hundred tons of hay, and sixteen mules. The defendant justified under a writ of attachment in the case of A. C. Paulsell v. J. D. Watson, in which Paulsell obtained judgment. The Court found that the defendant, as Sheriff, had seized the property in the said suit; that the plaintiff is the son of the J. D. Watson, defendant in the attachment suit; that all the property had been sold or given by J. D. Watson to his son, the plaintiff, in 1871 and 1873, but there was no delivery of possession until September, 1876; that it was attached in October, 1876, and at that time all of the property except two hundred and thirteen sacks of barley and three mules was in the possession of the plaintiff in this action; and that Paulsell was a *bona fide* creditor at the time of the levy and long prior thereto. Judgment was rendered for the plaintiff, except as to the barley and the three mules. The Court held that the rest of the property was not subject to attachment, for the reason that the delivery made in 1876 related back to the sale in 1873, and thus took the transfer out of the operation of sec. 3440 of the Civil Code. The defendant appealed.

*D. S. Terry* and *Hewell & Turner*, for Appellant.

There must be an immediate delivery and a continued and visible change of possession, or else the transaction is *conclusively* presumed to be fraudulent, and therefore void as against creditors. (Civil Code, sec. 3440; *Woods* v. *Bugbee*, 29 Cal. 467; *Godchaux* v. *Mulford*, 23 Cal. 540; *Lay* v. *Neville*, 25

Cal. 545. See, also, 1 Camp. 332; 3 Cranch, 73; 2 Bibb, 605; 4 J. J. Marsh. 235; 4 Harrington, 458; 6 Dana, 111.)

_Wheaton & Scrivner_ and _Geo. W. Schell_, for Respondent.

The presumption of fraud, with regard to the sale and delivery of the property, under sec. 3440 of the Civil Code, obtains only " while the vendor remains in possession."

By the Court, RHODES, J.:

It appears from the findings that the property in controversy was owned by J. D. Watson, the plaintiff's father, and was in his possession; that in 1871 he gave a portion of it to the plaintiff, and within two years thereafter he sold another portion to him, but there was no delivery of the possession of any of the property until September, 1876, when the plaintiff removed the larger portion of it from the rancho of the plaintiff's father to a rancho of which the plaintiff had the possession, that at that place the property was attached on the 4th day of October, 1876, by the defendant, acting as the Sheriff, under a writ issued in an action instituted by Paulsell against J. D. Watson, upon a promissory note made in 1874, becoming due on the first day of October, 1876. Judgment was thereafter rendered in that action in favor of Paulsell. The question presented for decision is, whether this property was liable to seizure under that attachment, as the property of J. D. Watson.

The Civil Code, sec. 3440, provides that " every transfer of personal property other, etc.,      *     *     *      is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors, while he remains in possession," etc. Paulsell was a creditor while J. D. Watson remained in the possession of the property, and that brings the case within the provision of the Code declaring the transfer fraudulent and void as to him. The Code does not limit the creditor to a seizure while the property

remains in the possession of the person attempting to make a transfer of it, but its effect is to make the attempted transfer fraudulent, and therefore void, as against demands of a person who was a creditor during the time. It is claimed by the plaintiff that the Code only makes the sale void during the time that the property remains in the possession of the vendor, and thus subjects it to seizure during that time. But that is not the correct construction of the provision of the Code. It denounces the transfer as fraudulent and void, as against the claims of a creditor who is such creditor during any of the time that the person who made the transfer remains in possession, after a transfer which is not accompanied by an immediate delivery and followed by an actual and continued change of possession. Such a transfer being void as to the creditor, he may cause the property to be seized in the same manner as he might have done had there been no attempted transfer by the debtor. It results from this construction that all of the property was subject to seizure at the suit of Paulsell, the creditor of J. D. Watson.

Judgment reversed and cause remanded, with directions to render judgment for the defendant for all the property in controversy.