53   401
62   191

BENJAMIN GILBERT *vs.* JOHN A. DECKER AND ANOTHER.

A vendee who takes possession at a time subsequent to the sale, but before the rights of creditors have accrued by attachment or otherwise, can hold the property against creditors.

The retention of possession raises a presumption of fraud only in favor of attaching creditors or those who stand in their position.

The presumption of fraud does not exist in the case of the sale of property exempt from execution.

[Argued October 15th—decided October 23d, 1885.]

ACTION for the wrongful taking of a horse; brought to the City Court of the city of Hartford and tried to the jury before *Bennett, J.* Verdict for the defendants. Appeal by the plaintiff. The case is sufficiently stated in the opinion.

*F. Chamberlin* and *H. R. Mills*, for the appellant.

*C. M. Joslyn*, for the appellees.

LOOMIS, J. The plaintiff claimed to have proved that the horse, the subject of this suit, was in good faith and for valuable consideration, purchased by him of his father in the spring of 1880, but it was conceded that there was no sufficient change of possession as against attaching creditors until February 7th, 1885, when there was a complete delivery to the plaintiff, who had exclusive possession until the 16th day of the same month, when it was attached as the property of the father on a suit in favor of Decker the principal defendant.

The question for review, arising upon these facts, is, whether the taking of possession before the attachment could avail to perfect the plaintiff's title, so that he can hold the horse against the claim of the defendant?

The city court held, in effect, that the plaintiff's tardy possession was of no avail against a subsequent attachment. We think the ruling was not in accordance with the law of

this state as generally recognized by the legal profession and as enunciated at least in two instances by this court.

The first case is that of *Calkins* v. *Lockwood*, 16 Conn., 276, where one Bradley, an iron manufacturer, having occasion to purchase large quantities of coal on credit, made an agreement with one Payne that the latter would become surety for the coal Bradley had purchased or might afterwards purchase, and to secure Payne assigned to him all the iron made or to be made, and all the stock and personal property in and about the furnace, but the possession remained with Bradley. The latter afterwards purchased coal of one Calkins, and within about a year after the agreement was made became insolvent and absconded, when Payne, for the purpose of securing himself, went to the furnace and took possession of a quantity of iron which had been manufactured subsequently to his agreement with Bradley, and removed it a short distance and sold it to Calkins, but before the sale to Calkins and while in Payne's possession it was attached by other creditors of Bradley. Calkins brought an action of trover against the sheriff and the attaching creditors, and his title depended on the validity of the conveyance from Bradley to Payne, which was sought to be impeached on several grounds, one of them being that the conveyance to Payne was not accompanied with a change of possession. Upon this point WILLIAMS, CH. J., in delivering the opinion of the court said: "It is said that possession was essential to accompany the contract, whether it was a sale or a pledge. The general principle upon this subject is not denied, as stated by the court in *Osborne* v. *Tuller*, 14 Conn. R., 529. And so too it is the essence of the contract of pledge that there should be an actual delivery. * * * But as in this case possession was taken before the attachment, it does not seem necessary to settle the question what would have been the condition of the parties before possession was taken. * * * The owner had given Payne a right to take possession. That right may not have been complete until possession taken or delivery had, and then it seems to us the right of Payne

became perfect and complete; and we have seen no case among those we have examined that contradicts this principle."

The other case is that of *Hall* v. *Gaylor*, 37 Conn., 550, and it is equally conclusive of the question. The plaintiff had purchased certain cloth of the manufacturer and allowed it to remain in the possession of the latter so long that it was conceded that the sale was void as to attaching creditors. Thereafter a portion of the cloth was by order of the vendee delivered on board a steamboat to be conveyed to New York, but a portion was left in the mill, as to which no change of possession ever took place. The cloth, after its delivery on board the boat, was by the vendor, but without the vendee's authority, brought back to the mill, where it was attached with other property as belonging to the vendor. The court, FOSTER, J., delivering the opinion, said: "Now although the original sale of the goods left in the mill was fraudulent and void in law as to attaching creditors, it was completed and made valid by the subsequent delivery on board the boat of all which were so delivered prior to any attachment. The agent of the company ordered them back, and a portion came back, but that fact cannot affect the rights of the plaintiff. His title was complete and perfect by delivery on board the boat; as between the parties it was so from the first, and no act of the vendors, or any officer of theirs, any more than that of a mere stranger and wrongdoer, could divest or prejudice that title." We might well rest the discussion here upon our own decisions. If however we pass to other jurisdictions we shall find ample support. *Bartlett* v. *Williams*, 1 Pick., 288; *Shumway* v. *Rutter*, 8 Pick., 447; *Kendall* v. *Sampson*, 12 Vermont, 515; *Blake* v. *Graves*, 18 Iowa, 312; *Cruikshank* v. *Coggswell*, 26 Ill., 366; *Clute* v. *Steele*, 6 Nev., 335; *Berry* v. *Ensell*, 2 Gratt., 333; *Snyder* v. *Gee*, 4 Leigh, 535; *Coty* v. *Barnes*, 20 Vermont, 19; *Wilson* v. *Leslie*, 20 Ohio, 161; *Brown* v. *Webb*, id., 389; *Frank* v. *Miner*, 50 Ill., 445. In Hilliard on Sales, 3d ed., p. 183, note *a*, it is said that "the general rule may be laid down, that, where

a vendee takes possession at a time subsequent to the sale, but before the rights of creditors accrue by attachment or otherwise, he shall hold against creditors."

As opposed to these authorities the defendant cites—*Carpenter* v. *Mayer*, 5 Watts, 483; *Gardenier* v. *Tubbs*, 21 Wend., 169; *Franklin* v. *Gummersell*, 9 Misso. App., 84; *Cheeney* v. *Palmer*, 6 Cal., 119; *Watson* v. *Rogers*, 53 Cal., 401. The case of *Carpenter* v. *Mayer*, *supra*, was decided in 1836. The court, starting from the premises that the retention of possession was a fraud *per se* against everybody, gave no effect to taking possession before a levy, but it seems to us that the same court in *Hoofsmith* v. *Cope*, 6 Wharton, 53, decided in 1841, and *Smith* v. *Stern*, 17 Penn. St., 360, decided in 1851, clearly recognized the principle for which we contend, so that the case of *Carpenter* v. *Meyer* is in substance overruled, although not so in terms.

In *Gardenier* v. *Tubbs*, 21 Wend., 169, the head note seems to lay down a proposition in accord with the defendant's claim, but it was a case where the property in question had been sold on execution by a sheriff and the plaintiff had purchased it for about half its value, upon an agreement with Whitcomb, the execution debtor, that it should be left in his hands to be again sold by him, and that whatever it should bring more than the plaintiff's debt Whitcomb should retain. COWEN, J., in delivering the opinion of the court, disposed of this feature of the case as follows: " The fraud was completely established independently of Whitcomb's deposition. The possession after sale, especially when fortified by the agreed trust for Whitcomb's benefit, as proved by Phillip P. Graff, fully authorized the judge to direct a verdict for the defendants." This case therefore, in view of the special facts upon which it is based, cannot have much weight as opposed to the decisions that accord with our own; and besides, the same court in *Levin* v. *Russell*, 42 N. York, 251, and *Murray* v. *Riggs*, 15 Johns., 571, gave effect to taking possession before the lien of creditors had attached and recognized a principle inconsistent with the claim of the defendant in the case at bar.

The cases from Missouri and California have no application because they were controlled by the special provisions of their statute law. In *Watson* v. *Rodgers*, 53 Cal., 401, RHODES, J., in delivering the opinion, quotes section 3440 of the Civil Code, which is as follows: " Every transfer of personal property * * * is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent and therefore void against those who are his creditors *while he remains in possession;*" and then adds: " The code does not limit the creditor to a seizure while the property remains in the possession of the person attempting to make a transfer of it, but its effect is to make the attempted transfer fraudulent and therefore void as against the demands of a person who was a *creditor during the time.*"

This case, so far from contravening the existence of a common law rule such as obtains with us, impliedly concedes that, were it not for the express provisions of the statute, the creditor might be limited to a seizure while the property remained with the vendor. At any rate such is the clear limitation in our law. As between the parties a sale is good without delivery, and the doctrine of taking possession within a reasonable time does not apply, for the vendor can at any time deliver or the vendee take immediate possession, and no one can be heard on the question except one who takes action and acquires an interest in the property while the vendor retains possession. In short our rule is that the retention of possession raises a presumption of fraud only in favor of attaching creditors, or those who legally represent them, as in the case of trustees in insolvency. In consistency with this limitation we also hold that the rule does not apply to the sale or mortgage of goods that are exempt from execution. *Patten* v. *Smith*, 4 Conn., 455; *Foster* v. *McGreggor*, 11 Vermont, 595.

It is said that one reason given for the rule making the retention of possession by the vendor fraudulent, is that the

Gilbert *v.* Decker.

possessor thereby may gain a false credit, and that the creditor actually misled ought to be allowed to set aside the transaction. This would require a radical change in our law. The inquiry is not whether the creditor was in fact misled, or when and under what circumstances his debt was contracted, or whether the debt is old or new, but simply whether he attached the property while possession was retained by the vendor. A tardy creditor cannot object to a tardy change of possession, for until possession taken he might have secured his debt, but afterwards it is too late.

The final claim of the defendants, that it is apparent from the record that the charge did not prejudice the plaintiff, we cannot accept. It is true there was another issue before the jury which, if determined against the plaintiff, would be conclusive, namely, whether the sale to the plaintiff was *bonâ fide*. The defendant claimed fraud in fact and as tending to show it referred to the extraordinary delay in delivering the horse. This was a circumstance to be considered by the jury, but the law could not predicate actual fraud upon that fact. What view the jury took of that question it is impossible to tell from the record. The plaintiff offered evidence to show that the sale was in fact honest and for a valuable consideration and he was entitled to have the law given to the jury upon that assumption in substance as he claimed. The charge as given upon the conceded facts rendered a verdict against the plaintiff inevitable.

There was error in the charge of the court and a new trial is ordered.

In this opinion the other judges concurred.