## MILLER *v.* BRYAN.

Where M. brought his action of replevin against B., who claimed to hold the property as sheriff, by virtue of certain executions against S., in which action the principal question was, whether a certain sale of the property by S. to M. was fraudulent and void as to the creditors of S., and on the trial the court instructed the jury as follows: " 1. If they believe from the evidence, that the sale of the property by S. to M. was made to defraud S.'s creditors, the sale was fraudulent and void. 2. If they are satisfied by the weight of evidence, that S. sold the property, and still kept possession, the sale was void, unless there was a bill of sale, acknowledged and recorded, like deeds of real estate. 3. If they find that defendant levied on the property, and held it, by virtue of his office, as sheriff, they will find for the defendant," to which instructions the defendant excepted; *Held,* 1. That giving the word *sale* its proper, legal signification, and bearing in mind that there must be a vendee as well as a vendor in such sales, the first instruction was correct. 2. That if the second instruction means, that the sale would be void as between M. and S., unless there was a bill of sale, executed, acknowledged, and recorded, it is clearly erroneous; but that if it related to the rights of existing creditors of S. or subsequent purchasers, without notice, it was substantially correct. 3. That the third instruction was erroneous, and could be true in no probable state of the case.

### *Appeal from the Warren District Court.*

THE defendant, as sheriff of Warren county, by virtue of several writs of attachment, seized certain goods and chattels as the property of one Stewart, the defendant, on said writs. The plaintiff replevied said property, claiming the same to be his, and to be entitled to the immediate possession of the same. The issue being made, the principal question would appear to have been, whether a certain sale from Stewart to Miller was or was not fraudulent and void as to the creditors of Stewart. On the trial, the court, at the request of the defendant, instructed the jury as follows: " 1st. If they believe from the evidence, that the sale of the property from Stewart to Miller was made to defraud Stewart's creditors, the sale was fraudulent and void.

" 2d. If they are satisfied by the weight of evidence, that Stewart sold the property, and still kept possession, the sale

was void, unless there was a bill of sale acknowledged and recorded, like deeds of real estate.

"3d. If they find that defendant levied on the property, and held it by virtue of his office, as sheriff, they will find for the defendant." The giving of these instructions was objected to by the plaintiff, and their correctness is the only question now presented for our consideration.

*Clarke & Henley*, for the appellant.

*P. Gad Bryan*, for the appellee.

WRIGHT, C. J.—We think the first instruction was right. Plaintiff insists that the sale would not be void, unless he participated in, or had knowledge, at the time of his purchase, of Stewart's fraudulent intentions; and that the instructions should have been so qualified. It would certainly have more fully stated the law, if thus qualified; but when fairly construed, it cannot be said to establish the doctrine, that the fraudulent intention of the vendor alone, would make the sale void. It does not say, that if Stewart had a fraudulent intention, but if the sale was made to defraud the creditors of Stewart, it would be void. Giving the word sale its proper legal signification, and bearing in mind that there must be a vendee as well as a vendor in such sales, we cannot think that the jury could reasonably have been misled by this instruction. To have prevented any possible, or even probable, misapprehension by the jury, the plaintiff might well have asked for the qualification now suggested. Having failed to do so, we do not think he can now complain.

If the second instruction means that the sale would be void as between Miller and Stewart, unless there was a bill of sale, executed, acknowledged, and recorded, like deeds of real estate, it is clearly erroneous. We suppose, however, that the instruction relates to the rights of the existing creditors of the said Stewart, or subsequent purchasers from him. As to them, the sale would be void where the vendor

retained the actual possession of the property, unless they had notice of such sale, or unless there was a written instrument conveying the same, executed, acknowledged, and filed, like conveyances of real estate. Code, § 1193. With the qualification, that the sale would not be valid against such creditors, or purchasers without notice, we think the instruction substantially correct.

The last instruction, we think, is wrong. We are unable to see any probable state of case, in which it would be true. If this instruction is correct, then, indeed, the plaintiff's own petition fails substantially to show a right to maintain this action, for it states, as required by the Code, § 1995, that the sheriff holds the property by virtue of certain writs of attachment, in his hands as such officer. In these cases, the sheriff is a necessary, and yet really the nominal, party defendant. Those really interested are the attaching or execution plaintiffs, and to say that if a sheriff levies upon and holds property by virtue of his office, no other person can maintain replevin against him, would be to virtually subject the property of A. to the payment of the debt of B. If this property had been taken by virtue of any legal process against Miller, and was not exempt from seizure thereon, this instruction might be correct. But a process against Stewart, would not be a justification to the sheriff in attaching the property of Miller; and whether he did so attach the property of Miller, as already stated, was the controverted question.

Judgment reversed.