## CRAWFORD v. BURTON.

Where there is any proper evidence before the jury, it is error to nonsuit the plaintiff, on the motion of the defendant.

Where in an action of replevin, the plaintiff claimed the goods by virtue of a purchase from one G. C., and on the trial offered in evidence a bill of sale from the said G. C., acknowledged and recorded, but which acknowledgment was defective, which bill of sale was objected to, and ruled from the jury by the court; and where the plaintiff then called as a witness the said G. C., who testified that he sold the goods to plaintiff, receiving a considerable portion of the purchase money down, and plaintiff's note for the balance; that the plaintiff took possession, and he (the witness), left the store; that plaintiff owned the store-house in which the goods were kept, both before and since the sale; that afterwards the plaintiff employed the witness to sell the goods for him, under which agreement witness went into the store, and was so selling them when they were taken; and that he then notified the defendant, that he, (witness), had no interest in them, but that they were owned by the said plaintiff; and where the court at this stage of proceeding, on motion of the defendant, directed that the plaintiff be non-suited; *Held*, 1. That the court erred in excluding the

bill of sale from the jury ; 2. That the court erred in rendering judgment of non-suit against the plaintiff.

*Appeal from the Winneshiek District Court.*

WEDNESDAY, OCTOBER 13.

At the June term, 1856, Burton obtained a judgment against George Crawford, upon which an execution was issued, and levied upon a stock of goods which had, at some previous time, belonged to the said George. The plaintiff claimed the goods, and replevied them in an action brought against J. S. Vanpelt, the sheriff. The name of G. W. Burton, as the claimant and real party in interest, was substituted as defendant.

Before proceeding to state the facts further, and the questions which arose, it is necessary to notice an incongruity which appears in the record, and which essentially affects the views to be taken of the case. The record entry of the judgment states that the jury returned a verdict in favor of the defendant. " Whereupon the court," says the record, "decided that the plaintiff be non-suited," &c.; while, on the other hand, a full and explicit bill of exceptions, setting out the proceedings upon the trial, and showing what evidence was offered and introduced by the plaintiff, and what was rejected, says : " After the introduction of the foregoing testimony, the counsel for defendant moved a non-suit of the plaintiff, which motion was sustained, and a non-suit directed, to which direction and ruling the plaintiff excepted." The assignment of errors, also, and the argument of counsel, regard the facts in the same light as the bill of exceptions—that is, that there was no verdict of the jury—as the appellant complains that the court took the cause from the jury, when there was some evidence before them upon which they might act. The plaintiff claimed the goods by virtue of a purchase from George Crawford, the defendant in execution, and on the trial offered in evidence a bill of sale, acknowledged

and recorded, which was objected to, and ruled out by the court. This is assigned for error.

The plaintiff also called the said George as a witness, who testified that he sold the goods to the plaintiff, receiving a considerable portion of the purchase money down, and the plaintiff's note for the balance; that the plaintiff took possession, and he, (the witness), left the store; that plaintiff owned the store-house in which the goods were, both before and since the sale; that afterwards the plaintiff employed the witness to sell the goods for him, under which agreement witness went into the store, and was so selling them when they were taken; and that he then notified the defendant, that he (witness) had no interest in them, but that they were owned by the said John Crawford. It was at this point that the non-suit was ordered. The bill of exceptions also states, that "it is admitted that G. Crawford, as agent of the plaintiff, was in the store selling the goods, from the day of the sale to plaintiff until they were attached by the defendant."

*William Tripp*, for the appellant.

*E. E. Cooley*, for the appellee.

WOODWARD, J.—It is not within the limits of legal supposition, that the court should order a non-suit, after a verdict for the defendant; and therefore, considering the testimony of the bill of exceptions, and the other circumstances concurring with it, we incline to regard the entry relating to the verdict, as an error of the clerk, and will view the case accordingly.

It was erroneous to direct the non-suit. There was much for the jury to inquire into, although the bill of sale should be inadmissible. It does not appear why this instrument was rejected. It may have been because the justice does not certify of what county he is an official, as is indicated in plaintiff's argument; or it may have been because the

certificate does not state that the vendor was personally known to him. It is defective in both these respects, if viewed with strictness. But this was not the end of the matter. It is true that the Code, (section 1193), enacts that a sale of personalty, when the vendor retains actual possession, shall not be valid against creditors, unless a written instrument conveying the same, be executed, acknowledged like conveyances of real estate, and filed for record; but two thoughts are suggested upon this point. In the first place, section 1193, has the qualification, "where the vendor retains the actual possession." There was evidence that he went out of possession, and this should have been left to the jury, under proper instructions, together with the fact of his going into the store again, in the employment of the plaintiff. In the next place, section 1211, relating to the recording of instruments affecting real estate, contains the exception of the case of notice to the third person. As the bill of sale is to be treated like a conveyance of real estate, in respect to the acknowledgment and recording, notice would, probably, in like manner, take the former out of the statute; and then the papers might be of effect, though not regularly acknowledged. And there was evidence tending to show such notice. *Miller* v. *Bryan*, 3 Iowa, 58. But farther, section 1193, relating to bills of sale, contains a like saving clause.

It would seem that the court proceeded upon the ground, that if the bill of sale was such that it was inadmissible as evidence, then there was no valid sale. But, as we have seen, a sale without a written instrument, would be good, if the vendor did not remain in actual possession; and also, the instrument of sale would be good, notwithstanding a defective acknowledgment, if the creditor had notice of the sale. And in either of these cases, the paper would be admissible as evidence of a sale.

The case should have been permitted to go to the jury upon the facts, the court instructing upon the law as they deemed right. If the trial by the jury proceeded until they returned a verdict, still there was error in rejecting

the bill of sale wholly, when we take into view the evi_ dence of notice to the creditor then attaching.

The judgment is reversed, and a proce'dendo awarded.