20    297
d108  414

## LOGAN & COOK V. TAYLOR *et al.*

1. **Mechanic's lien:** SUBORDINATE TO VENDOR'S. B., the owner of a lot, contracted to sell it to A., reserving, if the purchase-money was not promptly paid, the "right to sell the lot to any other person, without further notice, time being of the essence of this agreement;" A. went into possession and employed L. & C., mechanics, to do certain work thereon; on the day before the maturity of the purchase-money, L., R. & B., with the consent of A., purchased and received a conveyance to L., in trust for them of the property, paying therefor the amount of purchase-money due from A.; *Held*, that L., R. & B. were subrogated to all the rights of B., and that their title was superior to the mechanic's lien of L. & C.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 18.

MECHANIC'S LIEN SUBORDINATE TO VENDOR'S LIEN IN EQUITY. — One Botsford was the owner of part of lot 663, in Dubuque. On the 29th March, 1856, he contracted to sell it to one Attix, and executed to him a title bond, agreeing to convey, if the latter paid the purchase-money, the last payment of which matured March 29, 1857. On a failure to pay, Botsford reserved "the right to sell the

lot to any other person, without further notice, time being of the essence of this agreement." Attix gave Botsford his notes for the purchase-money, amounting, with interest included, to the sum of $5,272.73. Botsford retained the legal title as security. Attix went into possession, and employed the plaintiffs (Logan and Cook), who were mechanics, to do certain work and furnish certain materials in the enlargement and repair of the house on the lot. In November, 1863, Logan and Cook regularly established a mechanic's lien, in a suit against Attix, for $1,469: the lien, by the decree, dating from September 1, 1856..

On the 28th day of March, 1857 (the day before the expiration of the time limited for payment, in the title bond from Botsford to Attix), there was due to Botsford on account of the purchase-money, $5,124,49. This amount was paid to Botsford, March 28, 1858, and the latter, with the consent of Attix, made the deed for the lot to the defendant John W. Taylor, as member of the firm of Taylor, Richards & Burden, and in trust for that firm. The money with which this payment was made, was furnished by Taylor, Richards & Burden. On the character and effect of this payment arises the principal controversy in the case. The present suit is brought by the mechanics (Logan & Cook), who allege in their petition that *Attix* paid the whole of the purchase-money and became entitled to a deed; that by virtue of such payment their claim became the first lien; that to defeat this, Taylor and Attix procured Botsford, in fraud of plaintiffs' rights, to convey the legal title to Taylor; that Taylor pretends to hold the same to secure a debt due from Attix. The plaintiffs therefore ask a decree declaring that Taylor holds the lot in trust for Attix, subject to their lien, that theirs be declared to be the first lien, that the premises be sold, and they first paid from the proceeds.

The answer denies that Taylor or Taylor, Richards &

Burden, hold the lot in trust for Attix, but alleges that they purchased the same from Botsford, with the consent of Attix, and paid Botsford $5,124.49 in cash, in good faith, and without knowledge of the plaintiffs' lien, which was not then established. Evidence was taken, and a decree entered, dismissing the petition. From this decree the plaintiffs appeal.

*Adams & Robinson* for the plaintiffs.

*B. W. Poor* for the defendants.

DILLON, J. — If the plaintiffs had established their allegation that Attix paid the purchase-money and that Taylor took the deed in trust for him, they would clearly have been entitled to the relief sought. But here the plaintiffs' case, upon the evidence, entirely fails. It is incontestibly shown that Attix did not pay the purchase-money, nor did Taylor take the title in trust for him. That the money which was paid to Botsford was furnished by Taylor, Richards & Burden, is not disputed. That it was loaned by them to Attix is not established by the plaintiffs. That it was not thus loaned to Attix is conclusively established by the defendants. The facts were these: The time for payment had, within one day, expired; Attix could not pay; he induced defendants to take his place — that is, to pay the purchase-money and receive the deed for the property. This they did, giving to Attix an agreement that if he elected to pay T. R. & B. $5,945 by July 28, 1857, they would convey to him the property; in default of making such payment, Attix was to pay them from and after July 28, 1857, rent at the rate of $50 per month till October 1, 1857, when he was to surrender to them the peaceable possession of the lot. This

1. MECHANIC'S LIEN: subordinate to vendor's.

was the only interest of Attix in the premises by virtue of his arrangement with Taylor, Richards & Burden. Attix never paid them any part of this sum, elected not to repurchase the premises, and surrendered the possession to Taylor, Richards & Burden, according to the contract between them. There is not a *scintilla* of evidence to impeach the good faith of the transaction between Attix and the defendants. We fail to see how the plaintiffs were prejudiced. They had the same right with respect to the property, after the transfer to Taylor, as before; the same, no more nor less. Before the transfer their lien was subordinate to the lien in favor of Botsford for this purchase money. Defendants, in good faith, in fact, *without notice* that the plaintffs had any lien, paid the purchase-money to Botsford, and received their deed from him. They are entitled to stand in his shoes, and, to the extent of the purchase-money thus paid by them, to have priority over the plaintiffs' lien. *Barnes* v. *Cornach*, 1 Barb., 398; *Vannice* v. *Bergen*, 16 Iowa, 555, and cases cited, 569, 570. But it is argued that the purchase-money having been paid to Bostford extinguishes the vendor's money lien; that this lien does not follow the property into the hands of the defendants; at all events, that the defendants must have this lien revived, by a distinct affirmative proceeding, before they can insist upon it. But this cause is in equity, and a technical view of this kind is wholly inadmissible. If defendants were insisting that if the effect of the transfer from Botsford to them was to cut off the mechanic's lien against the property in their hands when it would not have been cut off in Botsford's hands, the plaintiffs would have good ground to complain. But the defendants make no such claim. They claim to hold the property with the rights of Botsford and no more. As the plaintiffs could redeem from Botsford by paying the purchase-money, so they could redeem from the

defendants on like terms, at any time before their right is barred or extinguished. But this they did not seek in the court below, and this was not what that court denied to them. They sought *priority* of lien, and in refusing this the District Court, in our judgment, ruled correctly.

Its decree is accordingly

. Affirmed.