PRATHER & PARR v. PARKER, Sheriff.

Sale of chattels: POSSESSION BY VENDOR. A sale of personal property, where the vendor continues in the actual possession thereof, is invalid as against existing creditors, unless an instrument conveying the same be executed, acknowledged and filed for record.

*Appeal from Keokuk District Court.*

MONDAY, JANUARY 27.

REPLEVIN. — Plaintiffs were creditors of one Bower, a contractor on the St. Louis and Cedar Rapids Railroad, and on the 14th of December, 1866, took from him in part payment of their debt, certain shovels, scrapers, etc., then along the line of his work in Keokuk county. They

took a bill of sale of these, duly acknowledged, but never recorded. At the time of the sale the property was scattered along the line of the road where Bower had been at work, but he was not then actually using the same.

On the 17th of December, one Wimer, a creditor of Bower, and such at the time of the sale to plaintiffs, attached these shovels, etc., as the property of Bower, the sheriff (the present defendant), finding the same on the road, where they had been used, and without notice to himself or Wimer of the alleged sale. The sale to plaintiffs was without fraud, but they never had the property in their actual possession, nor was the same ever delivered to them. Upon these facts, the court, a jury being waived, found for defendant, and plaintiffs appeal.

*Mackey & Harned* for the appellants

*G. D. Woodin* for the appellee.

WRIGHT, J. — Assuming that the property was in the actual possession of the attachment defendant at the time of the levy, and after the alleged sale to plaintiffs (a fact fairly warranted from the testimony), we say, assuming this to be true, the judgment below should not be disturbed. This is clearly the doctrine of the following cases: *Miller* v. *Bryan*, 3 Iowa, 58; *McGavran* v. *Haupt*, 9 Id. 83; *Crawford* v. *Burton*, 6 Id. 476; *Courtright* v. *Leonard*, 11 Id. 32; *Day* v. *Griffith*, 15 Id. 104. And indeed from it there seems to be no fair escape under section 2201 of the Revision, which declares such sales invalid against *existing creditors*, where the vendor retains actual possession, unless a written instrument conveying the same is executed, acknowledged and filed for record.

In *Thomas* v. *Hillhouse* (17 Iowa, 67), relied upon by appellants, the property did not remain, or was not at

*SALE OF CHATTELS: possession by vendor.*

the time of the sale, in the possession of the mortgagor or vendor. And the same is true of *Allison* v. *Barret* (16 Iowa, 278); and *Sansee* v. *Wilson* (17 Id. 582). The cases in principle and in view of the provisions of the statute, are clearly distinguishable.

Affirmed.