CRAFTON (UNITED STATES v.). See Case No. 14,881.

## Case No. 3,319.

### CRAGIN v. CARMICHAEL et al.

[2 Dill. 519;[1] 11 N. B. R. 511.]

Circuit Court, D. Iowa. 1873.

BANKRUPT ACT, § 35 — PLEADINGS — VARIANCE—RIGHT OF ASSIGNEE TO AVOID FRAUDULENT CONVEYANCES OF THE BANKRUPT — CHATTEL MORTGAGE—VALIDITY UNDER LAWS OF IOWA.

1. Where the assignee in bankruptcy brings an action under section 35 of the bankrupt act specifically to recover the value of property conveyed by the bankrupt to the defendant by way of illegal preference under the act, and issue is taken thereon, the assignee must recover on the case stated in his declaration, and cannot under such an issue recover on the ground that the conveyance to the defendant was void at common law, or under the statutes of the state.

    [Cited in Johnson v. Patterson, Case No. 7,-403; Harris v. Exchange Nat. Bank, Id. 6,119; Clark v. Hezekiah, 24 Fed. 667.]

2. The assignee in bankruptcy represents the rights of creditors, and may attack conveyances made by the bankrupt in fraud of his creditors, although the creditors are creditors at large of the bankrupt.

3. The construction of the statutes of the state of Iowa by the supreme court as to the validity of an unrecorded chattel mortgage

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

against creditors with notice thereof, followed in a case where the assignee in bankruptcy, in an action in that state, sought to avoid the mortgage, because invalid under the statutes of the state.

[Cited in Crooks v. Stuart, 7 Fed. 803; Clark v. Hezekiah, 24 Fed. 666; Lyon v. Council Bluffs Sav. Bank, 29 Fed. 574.]

Writ of error to the district court for the district of Iowa. Alonzo Cragin, the defendant in error, is the assignee in bankruptcy of Smith Patterson, lately a merchant at Tama City, Iowa. The plaintiffs in error, Carmichael, Brooks & Co., were bankers at the same place, and held a chattel mortgage upon the stock in trade of Patterson, the validity of which was contested by the assignee. The material facts are these: The action by the assignee in the court below against the defendants was brought under the 35th section of the bankrupt act [of 1867 (14 Stat. 534)], and alleged in substance that the defendants, Carmichael Brooks & Co., on the 15th day of November, 1872, seized upon the greater part of Patterson's stock of hardware with a view to secure a preference, as Patterson was insolvent, and they had reasonable cause to know or believe him to be so. The petition asks to recover the value of the goods so seized, solely on the ground of the alleged preference sought to be gained, contrary to the bankrupt act. It contained no reference to the defendants' mortgage.

The defendants' answer was: (1) In general denial of all the allegations of the petition. (2) A special defence, to the effect that on May 24th, 1872, Patterson being indebted to the defendants, bankers, for advances of money, executed to secure such indebtedness a chattel mortgage on his stock of goods and delivered it to the defendants on that day; that this mortgage being duly acknowledged was recorded October 4th, 1872; that the mortgage was taken by the defendants bona fide, and with no reason to believe Patterson to be insolvent; that on the 15th day of November, 1872, there was due the defendants thereon $3,700; and that the defendants on that day seized the mortgaged property to foreclose the mortgage, and that said mortgage was made and delivered to the defendants more than four months before the filing of the petition in bankruptcy against Patterson. On these issues there was a trial to the jury, and a verdict and judgment for the assignee for $3,792.60. To reverse this judgment for alleged erroneous instructions to the jury, the defendants bring the case to this court by writ of error.

Platt Smith and Fouke & Chapin, for plaintiffs in error.

Shiras, Van Duzee & Henderson, for assignee (defendant in error).

DILLON, Circuit Judge. The chattel mortgage of the bankrupt to the defendants below

was executed and delivered to them on May 24th, 1872, more than four months before the filing of the petition in bankruptcy. This mortgage was duly recorded October 4th, 1872, within four months of the bankruptcy. On the 15th day of November, 1872, the defendants below took actual possession under their mortgage, and were in possession when the petition for adjudication of bankruptcy was filed, which was on the 19th day of the same month.

Two errors are assigned, which I proceed to notice. The court below properly instructed the jury that the plaintiff's petition counts solely upon facts which entitle him to recover, under section 35 of the bankrupt act, the exclusive ground of the action being an alleged illegal preference to the defendants under that enactment. And following the views of Chase, C. J., in Re Wynne [Case No. 18,117], the court instructed the jury that the preference, if any was given by the mortgage, was given when that instrument was made and delivered on the 24th day of May, from which period the four months limitation began to run, and not from the period when it was recorded, since the recording was not the act of the bankrupt, but alone the act of the creditor. And accordingly the jury were told that if they found "that the giving of the mortgage was more than four months before the 19th day of November, 1872, [the day the petition in bankruptcy was filed], the plaintiff cannot recover under the bankrupt act on the ground of illegal preference."

As this instruction was in favor of the defendants, the giving of it, even if it was erroneous, cannot be assigned by them as error. But the defendants below claimed that under the pleadings an illegal preference under the bankrupt act was the only ground upon which a recovery was sought, and therefore the instructions which the court gave, to the effect that the answer so far helped the plaintiff's case that it put the validity of the defendants' mortgage as a statutory instrument in issue, and that if this was not valid under the laws of Iowa as against creditors, plaintiff might recover on that ground. In this the court erred. The first count of the answer was a general denial, and this put in issue all the material allegations of the petition, and devolved on plaintiff the necessity of recovering, and of recovering alone, upon the case stated in the petition. The petition could have been so framed as to assail the mortgage, both because it was fraudulent under the bankrupt act and under the common law or statute of the state. But as it was not thus framed, the special affirmative defence set up in the answer could not be relied on by the plaintiff as a separate ground of recovery.

The other error assigned relates to the court's instruction as to effect under the statutes of Iowa of not recording the mort-

gage. On this subject the court charged the jury as follows: "If you find that the mortgage was in fact executed on the 24th day of May, A. D. 1872; that the defendants kept it in their own possession without filing it for record until the 4th day of October, 1872; that debts accrued against the bankrupt in the intervening time, and that the creditors whose debts were so contracted had no notice of the existence of the mortgage; that in the meantime the mortgagor retained possession and control of the mortgaged property; that the defendant seized the property under and by virtue of the mortgage alone, withheld it from the assignee and refused to deliver it on his demand, and that the claims of the creditors intervening between the execution and filing of the mortgage for record remain unsatisfied—then the plaintiff is entitled to a verdict."

The correctness of this instruction must be determined by the statutes of the state respecting chattel mortgages, and the recording thereof; and the question whether the mortgage to the defendants was void as to creditors is just the same as if no assignee in bankruptcy had been appointed, and it had been attacked by attaching or judgment creditors. When a conveyance is attacked for fraud, outside of the bankrupt act, by the assignee in bankruptcy, he represents the rights of general creditors, and may for such fraud avoid the instrument, though he has no specific lien on the property thereby conveyed.

The state statute contains the following provisions applicable to the present inquiry: "No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless recorded," &c. Revision of 1860, § 2201. Another section (2203) enacts that from the time such mortgage is duly recorded "it shall be deemed complete as to third persons, and shall have the same effect as though it had been accompanied by an actual delivery of the property mortgaged." These provisions have been frequently before the supreme court of the state, and have received a settled construction. Hughes v. Cory, 20 Iowa, 399; Allen v. McCalla, 25 Iowa, 465. These cases settle the law in the state of Iowa to be that an unrecorded mortgage of chattels, where the mortgagor retains possession, is valid against attaching creditors with notice of its existence at any time before levy. Accepting this construction, as I think we must as a rule of decision here, it is clear that the charge of the court below, however correct on common law principles aside from statute regulation, is not consistent with the exposition of the statute by the supreme court of the state.

In this case it will be remembered that the mortgage was recorded nearly six weeks before the petition in bankruptcy was filed, and that at that time the defendants were in actual possession under their mortgage. From the time it was recorded all parties were bound to take notice of it, and from that time it became "complete as to third persons, and had the same effect as though it had been accompanied by an actual delivery of the property mortgaged." Besides, the mortgagee was in actual possession when the bankruptcy proceedings were commenced. If a sheriff, on the 19th day of November, had attached or levied upon the goods for a creditor, he would have been bound to take notice of the mortgagee's rights, and if the mortgage was not fraudulent in fact because made or used to hinder, delay, or defraud creditors, the attachment or levy would be subordinate to the mortgage.

Now, as above observed, the assignee in attacking a conveyance as invalid under the laws of the state, has precisely the rights which an attaching creditor would have had, and no greater; and as to such a creditor the mortgage would not have been invalid merely because his debt was created without notice of it, and before it was recorded. As to the assignee in bankruptcy, he must show something more to defeat a mortgage on record, when the bankruptcy proceedings were commenced, than that debts were created without notice of it before it was recorded.

The judgment below is reversed, and cause remanded for a new trial. Reversed.

NOTE [from original report]. The principal cases construing the statutes of the state as to chattel mortgages, and the effect of mortgagor retaining possession, are Miller v. Bryan, 3 Iowa, 58; Crawford v. Burton, 6 Iowa, 476; McGavran v. Haupt, 9 Iowa, 83; Kuhn v. Graves, 9 Iowa, 303; Campbell v. Leonard, 11 Iowa, 489; Torbert v. Hayden (leading case), 11 Iowa, 435; Hughes v. Cory, 20 Iowa, 399; Allen v. McCalla, 25 Iowa, 464.