## Fox v. Edwards.

**Sale of personal property:** who are existing creditors. In section 1923 of the Code, the term "existing creditors," is not limited to those who were creditors when the sale was made; it applies equally to those who became such before possession is changed, the bill of sale recorded, or notice given.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, APRIL 22.

This action was brought to recover six hundred and ninety-four bushels of corn, seized by the defendant, as constable, under three different attachments in his hands against the property of one Ledbetter. The plaintiff claims the corn under a contract of purchase by him with said Ledbetter. The cause was tried to the court, who found the facts as they are stated in the opinion, and rendered a judgment thereon for defendant. The plaintiff appeals.

*Geo. D. Porter*, for appellant.

*J. C. Coad*, for appellee.

COLE, J.—The question presented by the record in this case is, whether the judgment was correct upon the facts found. We condense the statement of facts found, and give their substance, as follows: On January 3, 1872. plaintiff made a contract with Ledbetter as follows, to-wit: Received of J. G. Fox one hundred and fifty dollars in hand paid for corn at twenty-one cents per bushel, said corn to be kept in the pens until said buyer wants to move said corn. I, the undersigned, agree to keep said corn dry, and to be measured when taken away; measure 4300 inches or 70 ℔ to the bushel, at the option of the buyer." This was duly signed by the said Ledbetter. The corn was put up pursuant to this contract. In the summer of 1872, Ledbetter borrowed of plaintiff all said corn, and used or sold it, upon a promise to replace it all out of the crop of 1872. When Ledbetter gathered that crop he put the corn

in controversy in an old house on his premises, and on or about January 28, 1873, he went to plaintiff with the dimensions of the house, and upon calculation it was found to contain six hundred and ninety-four bushels. Ledbetter told plaintiff that he was to have all the corn in the house on his contract, and Ledbetter afterwards recognized it as the plaintiff's corn, "but nothing further was done towards delivering or measuring it—said corn remained in said Ledbetter's possession in said house on said premises, and was not removed by the plaintiff."

On December 30, 1872, Ledbetter became indebted to one of the attachment plaintiffs; and to the others, respectively, on January 1 and February 10, 1873, and each of them obtained their writs of attachment on February 23, 1873, and they were all levied on the same day. While the levy was being made, the plaintiff notified the defendant herein, the constable making the levy, and the attaching creditors, that the house of corn was his property. The corn in controversy is worth one hundred and forty dollars.

The court found that the sale was void as to the two creditors whose debts were first contracted, and as to the last it was not void. The plaintiff only excepted, and he alone appeals.

Our statute, Rev. 1860, § 2201, which was § 1193, of the Code of 1851, and is the same as Code of 1873, § 1923, enacts: SALE OF PER- "No sale or mortgage of personal property where SONAL PROP- the vendor or mortgagor retains actual possession TY; who are existing cred- thereof, is valid against existing creditors, or sub- itors. sequent purchasers without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and filed for record with the recorder of deeds of the county where the holder of the property resides."

The court found, as one of the facts, that "*said corn remained in said Ledbetter's possession.*" This being so, the case is brought very clearly within the statute, and the sale is not valid as against the attaching plaintiffs. The term "existing creditors" cannot be limited to those only who were creditors when the invalid sale was made; it continues to be invalid until the possession is changed, the instrument recorded

or notice given; and any creditors, becoming such while the invalidity continues, are, as to that sale, existing creditors. This holding finds support in *Miller v. Bryan*, 3 Iowa 58; *McGavran v. Haupt*, 9 Iowa, 83; *Crawford v. Burton*, 6 Iowa, 476; *Courtwright v. Leonard*, 11 Iowa, 32; *Day v. Griffith*, 15 Iowa, 104; *Prather v. Parker*, 24 Iowa, 26. The case of *Thomas v. Hillhouse*, 17 Iowa, 71, was held not to be within the statute, because the vendor did not retain actual possession of the property; it was in the possession of another.

AFFIRMED.