AMERICAN LOAN & TRUST CO. v. OLYMPIA LIGHT & POWER CO.

(Circuit Court, D. Washington, W. D. February 10, 1896.)

1. CHATTEL MORTGAGE—VALIDITY—WASHINGTON STATUTE.

Under the statute of Washington relating to the lien of chattel mortgages, such a mortgage, unless accompanied by the affidavit required by the statute, and properly recorded, is void as to creditors, though they have actual notice of its existence.

2. SAME—SUPPLYING DEFECTS.

The O. Co., a corporation organized and doing business in the state of Washington, made a mortgage of its real and personal property to secure a debt. The mortgage was recorded as a mortgage of real estate, but was not accompanied by the affidavit required in chattel mortgages by the statute of Washington, and was not recorded as a chattel mortgage. After its execution the O. Co. became indebted to one A.; but before A. secured judgment on his debt the necessary affidavit was attached to the mortgage, and it was recorded as a chattel mortgage. Held, that the mortgage thereupon became a valid lien upon the personal property of the O. Co., as against a judgment subsequently obtained by A.

J. B. Howe, for complainant.
Hudson & Holt, for intervener.

HANFORD, District Judge. T. N. Allen, a judgment creditor of the defendant, has filed a petition as an intervener in this cause, pray-

ing the court to direct payment of the amount of his judgment out of the proceeds of the personal property of the defendant, which is covered by the plaintiff's mortgage. The cause has been argued and submitted upon a demurrer to said petition. The material facts, and the points presented for consideration upon this demurrer, are as follows: After the attempted execution of the mortgage, and the filing of it as a real-estate mortgage, the petitioner in this case became a creditor of the mortgagor, and subsequently obtained a judgment against it. After the debt had been contracted, but before the judgment was rendered, the mortgagee commenced an action to foreclose its mortgage, and a receiver was appointed in that action to take possession of the mortgaged property. Petitioner obtained his judgment, and intervened in this action for the purpose of having the mortgage declared void as to him, and asks that the proceeds of the personal property in the hands of the receiver, if the same is sold, be applied to the payment of his claim. The right to intervene is based upon the general proposition that the property is in the custody of this court, which protects it against the levy of an execution, and that the petitioner, having a judgment, and being thus restrained from its enforcement, is entitled to protection and recognition by the court that has thus tied his hands. The petition contains no allegation of want of notice. The intervener, however, takes the position that our statute makes a distinction between creditors and subsequent purchasers and incumbrancers, and, while it protects only purchasers and incumbrancers "for value and in good faith" against the operation of a mortgage not properly executed and recorded, all classes of creditors come within its provisions. It appears from the petition that after the debt of petitioner had been contracted the mortgagor took the mortgage which it had attempted before to execute, and attached thereto the affidavit required by statute, and caused it to be properly recorded as a chattel mortgage. This was done before the commencement of this action, and before the petitioner had acquired his judgment. The intervener takes the position that this mortgage was void, as against the petitioner, when his debt was contracted, and that no subsequent attempt to cure the defects in it could dislodge, impair, or affect the rights of petitioner.

I sustain the first position taken by the intervener, and concur in the opinions in the several cases cited as authority, for the reason that the reading of the statute makes a plain distinction between creditors and subsequent purchasers and incumbrancers, and the words "for value and in good faith" were not employed in the statute to create a condition affecting the rights of creditors.

As to the second proposition, the petitioner's contention is supported by a decision of the supreme court of this state, in the case of Willamette Casket Co. v. Cross Undertaking Co., 40 Pac. 729. The facts in that case, however, are somewhat different; and the real point involved in this case does not appear, from the opinion of the court, to have received attention. In that case the mortgagor does not appear to have done anything, after contracting new indebtedness, to make the mortgage operative in favor of the mortgagee, and against debts contracted after its delivery. In the case

now under consideration the mortgagor and mortgagee have acted so as to show their mutual intention to adopt the mortgage under consideration, by supplying everything essential to make it a valid chattel mortgage. At the date of adding to it the affidavit required by the statute, the mortgagor could lawfully have devoted any part of its property to the payment of the mortgagee, in preference to the petitioner, or could have created a valid lien to secure its indebtedness to the mortgagee. Now, if that could have been done by making and executing an entirely new instrument, there is not a single good reason for saying that the mortgage in question could not be made a valid lien on personal property, by adding to it the essential requisites of a chattel mortgage. I cannot bring my mind to assent to the proposition that this mortgage, for the lack of some of the essentials of a valid chattel mortgage, can be regarded as an unlawful thing, a soiled paper, or attainted so that no power could give it validity and vitality. It is my conclusion, therefore, that the petition must be denied.

### Application for a Rehearing.

I have given careful attention to the petition for a rehearing of this case, but without discovering that any of the facts were overlooked or misapprehended, and without being convinced of having erred in the decision. This new argument admits that, although the petitioner may have given credit to the mortgagor on the faith of its ownership of unincumbered personal property, the mortgagor could subsequently give a valid chattel mortgage upon said personal property to secure an older debt, and, while making this admission, denounces the mortgage in question as being void. The whole argument is a repetition of the petitioner's contention on the former hearing, namely, that, because the mortgage was void at the time of the credit given by the petitioner, it is impossible to make it valid by subsequent compliance with the requirements of the statute. The term "void" is regarded throughout the argument as being synonymous with "unlawful," and as if the effect of the statute was to stamp a void instrument as a guilty thing, like a counterfeit coin or treasury note, to be perpetually denied recognition in legal proceedings. In this I disagree with the petitioner and his counsel. This mortgage, as a lien upon personal property, at the time the mortgagor became indebted to the petitioner, was simply void as to creditors, for lack of an affidavit, and failure to have it recorded in a particular book. But a blank piece of paper would be void, not only as to creditors, but totally void as to everybody, and not in any sense to be regarded as possessing virtue denied to this incomplete and imperfect instrument. Now, the effect, as to the petitioner, of taking the imperfect instrument, and making it a valid mortgage, is precisely the same as to have taken a blank piece of paper,—a totally void thing,—and made a chattel mortgage, by supplying all of the requisites. The mortgagee took its chances with the general creditors until the instrument was made complete, so that in this material point the case differs from the case of Willamette Casket Co. v. Cross Undertaking Co. (Wash.) 40 Pac. 729. The decision heretofore given will be adhered to.