E. D. JANES v. J. S. OSBORNE *et al.,* J. B. JONES, Appellant, and KEITH FURNACE CO., Intervener.

**Mechanic's Lien.** Laws Sixteenth General Assembly, chapter 100 section 3, provides that every person who furnishes material or labor under a contract with the owner, agent, or contractor for a building shall have a lien upon the building and the land. Section 10 provides that the word "owner" shall include every person for whose benefit any building is erected. The owner of the land contracted with another to sell the land. The purschaser agreed to pay a part of the price on delivery of the deeds, and to secure the balance by a mortgage, to be junior to another mort-

gage to be placed thereon by the purchaser, not to exceed $1,500, to secure funds with which to pay for improvements which he agreed to make. The purchaser did not make the first payment, but with the consent of the owner, made the improvements but did not negotiate the mortgage. *Held*, that persons furnishing material and labor in making such improvements are entitled to a lien on the premises to an amount not exceeding $1,500.

**Liens:** VENDOR AND PURCHASER. A vendor is not entitled to a prior lien for the amount of the purchase price which was to have been paid in cash at the time of the contract, but which was never paid, over a mechanic's lien for labor and material furnished in the erection of a house thereon by the purchaser under such circumstances as to make the lien attach to the land as well as to the building, where the contract shows that the vendor did not intend to reserve any lien for such amount, but expressly gave the cost of the house priority to his claim for purchase money.

**BUILDINGS:** *Owners.* Provisions of laws, Sixteenth General Assembly, chapter 100, section 10, that every person for whose immediate use or benefit any building, erection, or other improvement, is made, having the capacity to contract, shall be included in the word "owner," is not a limitation upon section 3, giving a lien for labor or material furnished for any building or other improvement upon land by virtue of any contract with the owner; but extends the definition of the term "owner" so as to include persons who would not ordinarily be held to come within its meaning.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, MAY 16, 1899.

ACTION in equity to establish and foreclose a mechanic's lien. From a decree in favor of plaintiff and other mechanic's lien claimants, who are made defendants and whose rights are asserted by cross petitions, the defendant Jones, owner of the real estate, appeals.—*Affirmed.*

*Carr & Parker* and *Ira W. Anderson* for appellant.

*Read & Read, Phillips, Ryan & Ryan, C. C. & C. L. Nourse, J. K. Macomber, Dudley & Coffin, S. G. Van Auken, A. W. Miller,* and *Cummins, Hewitt & Wright* for appellees.

WATERMAN, J.—The case presents the question of the right of the mechanic's lien claimants to a lien upon the real estate. The defendant Jones, being the owner of the real estate, entered into a written contract with one Osborne as follows: "This agreement, made this 27th day of April, 1895, by and between J. B. Jones, of the one part, and J. S. Osborne, of the other part, witnesseth that said Jones has agreed to sell to the said Osborne lot 16, in block 1, Layman's addition to the city of Des Moines, for the sum of nine hundred dollars, payable as follows: three hundred dollars on delivery of deed for said lot, and the payment in monthly payments of ten dollars each, payable on the 1st day of each month, with annual interest on all sums unpaid at the rate of seven and a half per cent., and interest to be paid on such monthly payments as the same becomes due, said unpaid balance to be secured by mortgage on said lot, which shall be junior to a mortgage, not to exceed one thousand five hundred dollars, to be placed thereon by said Osborne, being a five-year loan. Said second party agrees to build an eight-room house of first-class material and workmanship in every particular, and modern in its style, the same to be supplied with furnace, mantle, bathroom, and to be completed within sixty days." Osborne did not make the cash payment of three hundred dollars, nor did he mortgage the lot to raise the sum of one thousand five hundred dollars, but he did prepare plans for a house such as was provided for in the contract, submitted them to Jones, by whom they were approved, and then proceeded to have such house erected. The claims for mechanics' liens are for the labor and material supplied in the erection of the building, and the court below allowed such liens against the real estate to the amount of one thousand five hundred dollars, as against Jones. The contention of the latter is that, while the claimants are entitled to liens on the building, they are not to liens upon the real estate, and that, in any event, he should have had a prior lien on the land for the three hundred dol-

lars cash payment provided for in the contract, but which was never made.

Section 3, chapter 100 Laws Sixteenth General Assembly, is, in its material parts, as follows: "Every mechanic or other person who shall do any labor upon or furnish any material. for any building  *  *  *  or other improvement upon land, by virtue of any contract with the owner, his agent, trustee, contractor or subcontractor, shall have *  *  *  a lien upon such building, erection or other improvement and upon the land belonging to such owner on which the same is situated, to secure the payment of such labor," etc.  Section 10 of the same act is in these words: "Every person for whose immediate use or benefit any building, erection or other improvements is made, having the capacity to contract, including guardians of minors or other persons, shall be included in the word 'owner.'"  In our opinion, this last section is not a limitation upon the first one quoted, but is intended to extend the definition of the term "owner" so as to include persons who would not ordinarily be held to come within its meaning. Section 4 of the act mentioned provides that "the entire land upon which such building, erection or other improvement is situated, including that portion of the same not covered therewith, shall be subject to all liens created by the chapter to the extent of all the right, title, and interest owned therein by the owner thereof, for whose immediate use such labor was done or things furnished," etc.  Under these provisions appellant claims that Osborne was an "owner;" that his interest, which was an equitable one only, was all that could be subjected to the liens; and that the legal title or interest of Jones cannot be affected thereby.  We think this construction leaves out of consideration one important provision of the contract between Jones and Osborne.  If Osborne had mortgaged the premises for the sum of one thousand five hundred dollars, and used the money so realized in

building the house, it seems manifest that under the contract such incumbrance would have taken precedence of any claim or lien of Jones, the vendor. This was the express agreement. If the cost of the building, up to the amount of one thousand five hundred dollars, would in that form have been a first lien, we can see no reason why it should not be so treated when asserted, as here, by the mechanics. The purpose of this agreement was to induce and aid Osborne to add to the value of the real estate purchased, and this he has done. The security which the vendor agreed to take is that which the trial court awarded him,—a lien upon the real estate, subject to the cost of the improvements or betterments. It appears to us that, under this contract, Osborne acted as the agent of the vendor, in a certain sense, in building the house.

Appellant combats this idea, and insists that the trial court did not so find, for it gave no personal judgment against Jones to the mechanic's lien claimants; but we have held that one may be an agent of the owner, to an extent sufficient to bind the real estate for improvements thereon, though his acts may not render the owner personally liable. *Willverding v. Offineer,* 87 Iowa, 478; *Miller v. Hollingsworth,* 36 Iowa, 163. Under the statutes referred to, the land is bound for the cost of the improvements when the contract therefor is made with the "owner, his agent," etc. In the case at bar Jones not only authorized, but required, Osborne to make this improvement upon the land. He knew the work was being done as it progressed, and he knew that, in order to pay for it, Osborne would have to give a first lien on the lot, for he expressly sanctioned such a lien. The facts bring this case clearly within the rule announced in the two cases cited above. Appellant relies upon the case of *Pinkerton v. Le Beau,* 3 S. D. 440 (54 N. W. Rep. 97), decided under a statute similar to ours. But in that case the owner did not agree that the cost of the building should take precedence of his claim for the purchase price. The effect of such an agree-

ment is to pledge the land to pay for the improvement. So far as appears in the *Le Beau Case,* the vendor expected the vendee to pay for the building from another source than the land, and this distinction we take to be material. It is this feature of the present case which distinguishes it also from *Logan v. Taylor,* 20 Iowa, 297; *Stockwell v. Carpenter,* 27 Iowa, 119, and similar decisions of this court. We need not consider other cases cited. This action is ruled by those to which we have called attention.

II. Appellant insists that, in any event, he should have been allowed a prior lien for the three hundred dollar payment, which was to have been in cash, but which was never made. An inspection of the contract will disclose that the vendor did not intend to reserve any lien for this amount. He expressly gives the cost of the house priority to his claim for purchase money.

III. The conclusion we reach on the questions stated permits us to pass without consideration appellees' objections to the record. The decree of the district court being in all respects correct, it is AFFIRMED.