NATIONAL BANK OF COMMERCE v. THOMAS BRYDEN, TRUSTEE.

FILED OCTOBER 5, 1899.   No. 8,951.

Chattel Mortgages: REGISTRATION: RIGHT TO PROPERTY. A mortgagee of chattels who files the instrument before the rights or liens of third parties intervene is entitled to the property as against them.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.   Reversed.

E. J. Cornish, for plaintiff in error.

A. C. Troup, J. W. Carr and W. T. Nelson, contra.

NORVAL, J.

This suit was instituted by Thomas Bryden, trustee, to have declared fraudulent and void as to creditors a certain chattel mortgage executed by the Phoenix Foundry

Company to the National Bank of Commerce. A decree was entered in the court below adjudging the mortgage void, to review which is the purpose of this proceeding.

The facts, briefly stated, are these: On December 28, 1894, the Phœnix Foundry Company in good faith executed and delivered to the National Bank of Commerce a chattel mortgage on property situate in Douglas county, to secure the payment of $10,000, of which sum $3,410 was cash at that time loaned, and $6,590 represented a previous indebtedness then due and owing by the mortgagor to the bank. Neither this mortgage nor a copy thereof, was filed for record until March, 1895. There was no agreement or understanding between the parties that the mortgage should be withheld from the record, but the omission to file the same at an earlier date was due to an accidental oversight on the part of the bank. The mortgaged chattels remained in the possession of the mortgagor; and the bank did not take possession of or assume control over any portion of the chattels during the period between the execution and filing of the mortgage in question. The plaintiff and interveners had no notice or knowledge of the existence of said mortgage prior to the date of the recording thereof. The mortgage was duly recorded before either the plaintiff or any one of the interveners had obtained any lien upon the property.

The single question presented by the record is whether the failure of the bank to record the mortgage until March 20, 1895, rendered the instrument void as to the other creditors of the mortgagor who became such between the date of the execution and the filing of the mortgage, but who had not obtained any lien upon the property at the date of such filing. The precise point was determined in *Forrester v. Kearney Nat. Bank*, 49 Nebr., 655, it being there stated: "Where a mortgagee of personal property, without any intention to defraud, has delayed filing his mortgage and taking possession of the property, but the instrument is in fact filed, or the mortgagee obtains and holds actual possession of the property under

the mortgage before the rights or lien of any third party attaches, the lien of the mortgage is good against a creditor of the mortgagor who subsequently causes the property to be seized upon attachment or execution." We are satisfied with the conclusion there reached, and the decision of the trial court in the case at bar being in conflict therewith, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.