In re SCHMITT.

(District Court, N. D. Ohio, E. D.   May 1, 1901.)

CHATTEL MORTGAGES—WITHHOLDING FROM RECORD—OHIO STATUTE.
    Under Rev. St. Ohio, § 4150, by which, as construed by the supreme court of the state, a chattel mortgage is absolutely void and inoperative as against creditors of the mortgagor until filed, but on such filing becomes valid and effective, the holder of such a mortgage, withheld from record by agreement for some time after its execution, is not estopped to enforce it after it is filed as against general creditors, who became such in the meantime.

In Bankruptcy. On question certified by referee.

Thos. H. Bushnell, for receiver.
Laubscher & Kees, for Benton, Myers & Co.

WING, District Judge. The question arising in this case is certified by Mr. Harold Remington, referee, for review of order. The facts, in brief, appear to be as follows: That a chattel mortgage was executed and delivered by Schmitt to Benton, Myers & Co. on August 7, 1899, and was filed by the mortgagees in the proper office on November 11, 1899; that the mortgage was given to secure an indebtedness of about $1,200, then past due, and was upon fixtures in the store of Schmitt; that the mortgage was not filed by the mortgagees until the date named, and was withheld from filing at the request of Schmitt, and by agreement between the mortgagor and the mortgagee that it should be so withheld so long as the mortgagor paid $50 per month on his indebtedness; that, after the making and delivery of the said mortgage, and before the filing thereof, Strong, Cobb & Co., an Ohio partnership, from time to time sold and delivered to Schmitt goods and merchandise on credit, and that there is due and unpaid thereon $253.68, and interest from March 28, 1900; that Strong, Cobb & Co. made such

sales and extended such credit in good faith, and upon the strength that the bankrupt's property was unincumbered; that Strong, Cobb & Co. had no notice of the mortgage until it was filed; and that the bankrupt was insolvent at the time of making the said chattel mortgage. The conclusion of law of the referee is that the mortgagees are estopped to assert said mortgage as to the claim of Strong, Cobb & Co. to the amount of such claim, and to any other creditor who, between the making and filing of the said chattel mortgage, and in ignorance thereof, sold goods to the said Schmitt on the strength that his property was unincumbered. Schmitt has become a bankrupt, and this question is raised on the petition of the receiver.

Section 4150 of the Revised Statutes of Ohio provides:

"A mortgage, or conveyance intended to operate as a mortgage, of goods and chattels, which has not been accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against creditors of the mortgagor, * * * unless the mortgage, or a true copy thereof, be forthwith deposited, as directed in the next section."

Until filed, a chattel mortgage is absolutely void and inoperative as against creditors. The execution of such a mortgage in no way lessens the security of creditors. It cannot become effective, as against creditors, until filed. The theory contended for by counsel for the receiver is based upon the idea that the mortgage is valid, though not filed; and that its withholding from record by the mortgagee is a kind of concealment, which estops him from asserting it as against those who have acted upon the faith that no such mortgage existed. True, the provision of the statutes referred to is that a chattel mortgage shall be void, as against creditors, unless filed forthwith. If it should be contended that a failure to file this mortgage for the period of time elapsing between its date and the date of filing was a failure to deposit the mortgage, in compliance with the statute, then the holding must be that the mortgage is absolutely void as to all creditors; not on the doctrine of estoppel, but for the reason that it has, although filed, never become an operative instrument. But this is not the claim made. In those states where the doctrine contended for has been announced as the law, different statutory provisions exist from that existing in Ohio with respect to the filing of a mortgage. If Schmitt had agreed with Benton, Myers & Co. on August 7, 1899, to execute a chattel mortgage on November 11, 1899, and, in compliance with such agreement, had executed the mortgage in question, it would not be claimed that the mortgagees were estopped to enforce their mortgage as against Strong, Cobb & Co., the other facts in the case being the same; but the unrecorded mortgage of Benton, Myers & Co. had no more validity as against Strong, Cobb & Co. than such agreement to give a mortgage would have had, and the failure on the part of Benton, Myers & Co. to disclose the existence of such an agreement could not have operated as an estoppel. Ample authority for this view, I think, is found in Wilson v. Leslie, 20 Ohio, 161:

"Such a mortgage is not void in toto by reason of an omission to make the deposit 'forthwith,' but becomes effective whenever it is deposited."

On page 166, Judge Spalding, in his opinion, says:

"Until placed in the proper office, a mortgage of chattels in our state would be void as against other creditors of the mortgagor and subsequent purchasers and mortgagees whose rights then attach, but when filed with the clerk or recorder the instrument becomes valid and effective against all men except those whose rights have thus previously attached."

Gibson v. Warden, 14 Wall. 244, 20 L. Ed. 797, approves this doctrine. McVay v. English, 30 Kan. 369, 1 Pac. 795, is to the same effect. Forrester v. Bank, 49 Neb. 655, 68 N. W. 1059, is a decision on a statute similar to the Ohio statute, and denies the doctrine contended for by the receiver. Bank v. Bryden, 59 Neb. 75, 80 N. W. 276; King v. Fraser, 23 S. C. 543; Cameron v. Marvin, 26 Kan. 612; American Loan & Trust Co. v. Olympia Light & Power Co. (C. C.) 72 Fed. 620; Cragin v. Carmichael, 2 Dill. 519, Fed. Cas. No. 3,319; Gilbert v. Decker, 53 Conn. 403, 4 Atl. 685; and Jones, Chat. Mortg. § 270,—all support the view taken by this court. I think the conclusion of law found by the referee is erroneous. The decision of the court is that the chattel mortgage of Benton, Myers & Co. is a valid lien, as against all other creditors of the bankrupt, as to the fixtures described in the mortgage. There is no contention that it is valid as to the stock of goods. An order will be made accordingly.